United States Department of Justice
Office of the United States Trustee
110 N. College Avenue, Suite 300
Tyler, Texas 75702
(903) 590-1450

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE | § | |
| Strive Concrete Solutions LLC | § | Case No. 24-41926 |
| 5075 Elm Bottom Cir | § | |
| Aubrey, TX 76227 | § | Chapter 11 |
| *dba* Strive Fab and Welding | § | |
| | § | |
| Debtor | § | |

---

**UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT
PURSUANT TO 11 U.S.C. § 1112(b), and §105**
*WITH WAIVER OF 30-DAY HEARING REQUIREMENT*

---

**PLEASE NOTE THAT THE COURT HAS SET THIS MOTION FOR HEARING:**

**HEARING: TUESDAY, FEBRUARY 4, 2025 AT 1:30 P.M.**
U. S. Bankruptcy Court
660 N. Central Expressway, 3rd Floor
Plano, Texas 75074

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE PRESIDING:

Lisa Lambert, the United States Trustee for Region 6 ("U.S. Trustee") hereby files in the above-numbered and captioned bankruptcy case ("Case") her Motion to Dismiss or Convert pursuant to 11 U.S.C. § 1112(b) and §105 ("Motion") and respectfully states in support thereof:

**Jurisdiction and Timeliness**

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1334, 157(a), and the standing order of reference. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The predicate for the relief requested herein is Bankruptcy Code §1112(b) and §105.

## Background

2. On August 19, 2024 ("Petition Date"), Strive Concrete Solutions, LLC ("Debtor") filed Chapter 11.

3. This Case was filed under Subchapter V of Chapter 11. Areya Holder Aurzada has been appointed as the Sub V Trustee.

4. As a Sub V Debtor, Debtor must file a Plan no later than 90 days after the Petition Date. 11 U.S.C. §1189. Debtor has not timely filed a Plan in this Case.

5. Debtor's Schedule B reflects that, on the Petition Date, Debtor held 2 separate bank accounts at DATCU. Account xxx126 "checking" was scheduled with a balance of $7,043. Account xxx126 "savings" was scheduled with a "$0" balance.

6. Debtor filed the August Monthly Operating Report ("August MOR") on September 23, 2024.

7. The August MOR fails to include attached bank statements as requested by the U.S. Trustee, and as required in the U. S. Trustee Guidelines for Chapter 11 Cases.

8. The August MOR reflects that Debtor had a beginning cash balance of <$6,958> (in contradiction to the Schedule B, which reflects a positive balance in excess of $7,000). The August MOR reflects an ending cash balance of <$693>.

9. Debtor has failed to file monthly operating reports ("MORs" or "Reports") for September 2024 and October of 2024. The November MOR is due on December 20, 2024. Without the MORs, it is impossible to determine Debtor's financial condition.

10. At a minimum, Debtor continues to accrue fees owed to Debtor's counsel and the Sub V Trustee. Without the MORs, the U. S. Trustee can only conclude that Debtor is incurring

a substantial and continuing loss with no reasonable prospect for reorganization. In that same regard, it is unclear as to how Debtor will be able to fund any Plan

11. Although requested, and as required in the U. S. Trustee Guidelines for Chapter 11 Cases, Debtor has failed to produce documentation reflecting that the pre-petition bank accounts have been closed.

12. Debtor's failures violate provisions of the Bankruptcy Code are further indicative that Debtor is suffering a substantial and continuing loss or diminution to the estate and there is an absence of a reasonable likelihood of reorganization.

13. The U.S. Trustee seeks dismissal or conversion for cause. 11 U.S.C. §1112(b). 11 U.S.C. §105.

## Applicable Law and Argument

14. Section 1112 (b) provides,

> . . . absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

15. Cause exists to dismiss or convert as Debtor has failed to timely file the MORs. 11 U.S.C. §1112(b)(4)(F).

16. Cause exists to dismiss or convert as Debtor has failed to provide the U. S. Trustee with proof that the pre-petition bank accounts have been closed. 11 U.S.C. §1112(b)(4)(F and H).

17. Cause exists to dismiss or convert as Debtor has failed to timely file a Plan and Disclosure Statement. 11 U.S.C. §1112(b)(4)(F and J). 11 U.S.C. §1189. 11 U.S.C. §105.

18.    Cause exists to dismiss or convert as Debtor appears to be suffering a substantial and continuing loss or diminution to the estate and there is an absence of a reasonable likelihood of reorganization.  11 U.S.C. §1112(b)(4)(A).

19.    Under the facts of this Case, the Debtor does not appear able to effectively use Chapter 11 for the benefit of creditors, so the Case should be dismissed or converted.  11 U.S.C. §1112.  11 U.S.C §105.

WHEREFORE, the U.S. Trustee respectfully requests that the Court issue an order dismissing or converting the Case.

Dated:  December 17, 2024                              Respectfully submitted,

                                                                            Lisa Lambert
                                                                            United States Trustee
                                                                            Region 6

By:    */s/ John Vardeman*
              John Vardeman
              Trial Attorney, TBN 20496260
              110 N. College Avenue, Suite 300
              Tyler, Texas 75702
              (903) 590-1453

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on the following listed persons through the court's electronic notification system as permitted by Appendix 5005 III E to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid, no later than December 18, 2024.

                                                                            */s/ John Vardeman*
                                                                            John Vardeman

**DEBTOR**                                                  **DEBTOR'S COUNSEL**
Strive Concrete Solutions LLC                   Daniel Herrin
5075 Elm Bottom Cir                                 Herrin Law, PLLC
Aubrey, TX 76227                                        12001 N Central Expy
                                                                   Suite 920
                                                                   Dallas, TX 75243

**SUB V TRUSTEE**
Areya Holder AURZADA (SBRA V)
Holder Law
PO Box 2105
Addison, TX 75001-2105

**NOTICE OF APPEARANCE**
MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
Julie Anne Parsons
P.O. Box 1269
Round Rock, Texas 78680-1269

Attn: Ally Bank Department
AIS Portfolio Services, LLC
Account: XXXXXXXX5785
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Attn: Ally Bank Department
AIS Portfolio Services, LLC
Account: XXXXXXXX5855
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Jamie Kirk
Assistant Attorney General
c/o Sherri K. Simpson, Paralegal
Texas Attorney General's Office
Bankruptcy & Collections Division
12221 Merit Drive, Suite 825
Dallas, Texas 75251

**Matrix**
Attached